**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | | |
|---|---|---|
| CARDINAL TRANSPORT, INC., A Delaware Corporation, AND C R TRANSPORT, INC., A Nevada Corporation, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.  19-cv-4943 |
| | ) | |
| ASSURED PARTNERS OF OHIO, LLC, | ) | Judge Sharon Johnson Coleman |
| An Ohio Limited Liability Company, Successor in Interest to Wellington F. Roemer Insurance, Inc., A Nevada Corporation, D/B/A ROEMER INSURANCE AND ROBERT SCHWARTZ, Individually, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE OPINION AFFIDAVIT OF WILLIAM WARFEL

NOW COME Defendants, WFR Holdings of Toledo, Inc., incorrectly sued as "Assured Partners of Ohio, LLC, An Ohio Limited Liability Company, Successor in Interest to Wellington F. Roemer Insurance, Inc., A Nevada Corporation, d/b/a Roemer Insurance" and Robert Schwartz (collectively, "Defendants"), by their undersigned attorneys, and respectfully submit this Memorandum of Law in support of their Motion to Strike Opinion Affidavit of William Warfel ("Motion"), filed contemporaneously herewith.

**Introduction**

As noted in their Motion, Defendants have previously filed an Amended Motion for Summary Judgment (ECF Dkt #97), Amended Memorandum in Support of that motion (ECF Dkt #98) and Local Rule 56.1 Statement of Facts (ECF Dkt #99).  Defendants' motion for summary judgment is addressed to all counts of Plaintiffs' Complaint and is based, in part, on

their Third Affirmative Defense asserting that they cannot be held liable under the legal doctrine of commercial frustration/impossibility.  (ECF Dkt. #96).

In response to that motion, Plaintiffs have filed their response (ECF Dkt. 100), Memorandum in Opposition (ECF Dkt #102), Response to Defendants' Local Rule 56.1 Statement of Facts (ECF Dkt #104) and an Appendix of Exhibits (ECF Dkt #108).  Among those exhibits offered by Plaintiffs' in opposition to Defendants' Amended Motion for Summary Judgment is Exhibit 7, an affidavit from their retained expert, William Warfel ("Affidavit" or "Warfel Affidavit") (ECF Dkt #108-7).

In paragraph 9 of his Affidavit, Mr. Warfel purports to offer an opinion on the question of the availability in the marketplace of an insurance policy that would have provided coverage to the Plaintiffs under terms and conditions that they claim to have requested from the Defendants. Plaintiffs rely solely on this opinion to counter the Defendants' Third Affirmative Defense that no such coverage was available at the time and that they therefore cannot be liable to Plaintiffs.

The opinion offered by Mr. Warfel in his Affidavit is improper, inadmissible and without foundation.  Additionally, it constitutes mere speculation about a subject about which actual facts, not speculation, can be determined.  Accordingly, as a matter of law, paragraph 9 of the Warfel Affidavit should be stricken from the record of this case.

**<u>Discussion</u>**

Federal Rule of Evidence 702 provides:
A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
**(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
**(b)** the testimony is based on sufficient facts or data;
**(c)** the testimony is the product of reliable principles and methods; and
**(d)** the expert has reliably applied the principles and methods to the facts of the case.

In commenting on the Rule and its amendments, the Committee on Federal Rules appropriately noted:

> The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted. The expert's testimony must be grounded in an accepted body of learning or experience in the expert's field, and the expert must explain how the conclusion is so grounded. (Committee Notes on Rules – 2000 Amendment).

The opinion proffered by Mr. Warfel in his Affidavit fails to meet these essential requirements of this rule and must therefore be excluded. Under the *Daubert* test, it is the proponent of the expert testimony who has the burden of establishing its admissibility. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 592 n.10 (1993). It is the district court, rather than the jury, that serves as the gatekeeper for the admissibility of all expert testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999) (holding that "gatekeeper" function applies to all expert testimony).

For purposes of Defendants' pending motion for summary judgment, the only aspect of Mr. Warfel's testimony that is at issue is his Affidavit opining that insurance similar to that issued to Plaintiffs by Hallmark Insurance Company in 2017, but without the mandatory minimum premium requirement contained in the Hallmark policy, was commercially available to Plaintiffs in the marketplace. Although Defendants dispute Mr. Warfel's qualifications to testify as to any issue in this case, their present motion and this memorandum focuses only on this particular opinion. It is clear that Mr. Warfel has offered only rank theoretical speculation about what is an historical and therefore demonstrable fact – such coverage either was or was not available to Plaintiffs at that time. Mr. Warfel's purported analysis of rates and expenses and insurers' imagined "justification" or lack thereof in requiring a mandatory minimum premium in the coverage they offered fails the *Daubert* test and cannot be considered.

The trial court's gatekeeping function requires more than simply "taking the expert's word for it." *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995)

("We've been presented with only the experts' qualifications, their conclusions and their assurances of reliability. Under *Daubert*, that's not enough."). The more subjective and controversial the expert's inquiry, the more likely the testimony should be excluded as unreliable. *See O'Conner v. Commonwealth Edison Co*., 13 F.3d 1090 (7th Cir. 1994) (expert testimony based on a completely subjective methodology held properly excluded).

In *O'Conner*, the Seventh Circuit stated that, under *Daubert*, the district court must first rule out "subjective belief or unsupported speculation." *Porter v. Whitehall Laboratories, Inc*., 9 F.3d 607, 613 (7th Cir. 1993). Second, the district court must "determine whether the evidence or testimony assists the trier of fact in understanding the evidence or in determining a fact at issue." *Id*. at 616 (footnote omitted). If the judge is not persuaded that the so-called expert has genuine knowledge that can be genuinely helpful to the jury, he should not let him testify. *Wilson v. City of Chicago*, 6 F.3d 1233, 1238-39 (7th Cir. 1993).

There is nothing in Mr. Warfel's background or in his opinion itself that would aid a jury in understanding whether (not "why") coverage without a mandatory minimum premium was available to Plaintiffs in 2017. For this reason alone, it must be excluded and stricken. The Seventh Circuit case of *Roback v. V.I.P. Transport Inc.*, 90 F.3d 1207 (7th Cir. 1996) is noteworthy for its articulation of this principle. In that case, the trial court excluded defendants' human factors expert, Olson, primarily because his testimony lacked relevancy. (No. 91 C 5902, slip op. (N.D.Ill, Sept. 30, 1994) at 9-10. First, it found that the subject matter upon which the expert was to testify, namely, whether a driver "confronted with a significant distraction would have a diminished ability to perceive," was "well within human experience," and not a proper subject of expert testimony. *Id*. at 8. The court described the proffered opinion as "simplistic and

circular." *Id*. at 14 Second, the court found that whether the driver testified he was or was not distracted, the expert's testimony would add nothing. *Id*.

On appeal, even while reversing the trial court's exclusion of a different expert, the Seventh Circuit affirmed the exclusion of Olson's testimony:

> We find no abuse of discretion in the decision to exclude Olson. Arguably his testimony might have been helpful to explain how drivers perceive relative velocities, a task most of us perform by habit without thinking about how we do it. But any juror who drives would readily have understood without the benefit of Olson's testimony that a driver needs to watch a vehicle in front of her in order to assess how quickly she is approaching it, and that if the driver is distracted she may not realize until too late that she needs to slow down. [internal citation omitted]. Olson's additional opinions as to how long Martin's eyes likely were diverted from the road and how much reaction time this cost him border on speculation.

*Roback, supra*, 90 F.3d 1207, 1215 (7th Cir. 1996). Here, Mr. Warfel's assessment of insurance rates and insurer expense and their potential impact on the availability of a particular insurance policy in 2017 is similarly unhelpful to a trier of fact and here crosses the border into rank speculation. The jury can well understand the evidence of record: Hallmark deemed it impossible to offer the coverage without a mandatory minimum premium because of Plaintiffs; loss history, the size of the account and Plaintiffs' inconsistencies in reporting (ECF Dkt #104, Exhibit 1, pp. 66:19 – 67:4); Defendants, acting as insurance producers, searched the marketplace unsuccessfully for insurance of the type allegedly requested by Plaintiffs (ECF Dkt #104, Exhibit 2, pp. 52-53); Plaintiffs' had other insurance brokers searching for that insurance and came up empty (Plaintiffs' Local Rule 56.1 Statement of Additional Facts, par. 24; ECF Dkt #104, Exhibit 6, p. 95:20-22; Exhibit 5, p. 54:21-24; 55:1); and the Illinois Assigned Risk Pool would not offer comparable insurance to what Hallmark provided and Plaintiffs did not qualify for insurance from the Pool in any event. (ECF Dkt #104, pars. 38-43). Warfel's opinion does not address facts at all but merely speculates as to the theoretical and potential impact of insurance rates and expenses to the willingness of a hypothetical insurance company to offer

trucking insurance to Plaintiffs without the mandatory minimum premium requirement that Plaintiffs agree had been a part of every liability insurance policy they had since 2013. (ECF Dkt #104, par. 11).

In this case, Plaintiffs cannot establish that Mr. Warfel's opinion as stated in his Affidavit meets the foundational requirements of Federal Rule 702 or of *Daubert*. Rather, his tortured theoretical analysis and his ignoring (or ignorance of) the actual facts of record reflecting the commercial unavailability of the allegedly desired policy terms merely cloud the otherwise straightforward issue – was there an insurer in 2017 who would have offered a trucking policy to Plaintiffs without a mandatory minimum premium. The answer to that question has nothing to do with rates and expenses. There either was such an insurer or there was not and only evidence relevant to that answer may be admitted. Mr. Warfel's Affidavit presents no such relevant evidence, is not helpful to a trier of fact in coming to an answer to that question and should therefore be stricken. *See United States v. Lespier*, 725 F.3d 437, 449 (4th Cir. 2013) ("To be admissible, expert testimony must 'help the trier of fact to understand the evidence or to determine a fact in issue.'[citation omitted]. The helpfulness requirement of Rule 702 thus prohibits the use of expert testimony related to matters which are 'obviously ... within the common knowledge of jurors.' [citation omitted]"); s*ee also Lang v. Kohl's Food Stores, Inc*., 217 F.3d 919, 923-24 (7th Cir. 2000) ("Many times we have emphasized that experts' work is admissible only to the extent it is reasoned, uses the methods of the discipline, and is founded on data. Talking off the cuff — deploying neither data nor analysis — is not an acceptable methodology.).

**Conclusion**

The Warfel Affidavit fails to meet the requirements of Rule 702 of the Federal Rules of Evidence or pass the gatekeeping safeguards of *Daubert*. On the relevant question of whether, as a matter of fact, insurance coverage of the type allegedly requested by the Plaintiffs existed and was available to Plaintiffs without a mandatory minimum premium requirement, Mr. Warfel's descent into rates, expenses, contingencies, profits and insurers' "justifications" for requiring a mandatory minimum premium are irrelevant, unhelpful to a trier of fact and based on mere speculation in the face of contrary actual evidence. In short, Mr. Warfel's opinion is improper as a matter of law and must be stricken. For all of these reasons, the Defendants, WFR Holdings of Toledo, Inc., incorrectly sued as "Assured Partners of Ohio, LLC, An Ohio Limited Liability Company, Successor in Interest to Wellington F. Roemer Insurance, Inc., A Nevada Corporation, d/b/a Roemer Insurance" and Robert Schwartz, respectfully urge this court to grant their Motion to Strike Opinion Affidavit of William Warfel.

s/ Mitchell A. Orpett
One of the attorneys for Defendants

Mitchell A. Orpett, Esq. – ARDC# 3121966
Tribler Orpett & Meyer, P.C.
225 W. Washington Street, Suite 2550
Chicago, Illinois 60606
(312) 201-6400
maorpett@tribler.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of **Memorandum of Law in Support of Defendants' Motion to Strike Opinion Affidavit of William Warfel** was served upon:

Chris D. Rouskey
Rouskey and Baldacci
210 N. Hammes Avenue, Suite 105
Joliet, Illinois 60435
(815) 741-2118
rouskeylaw@gmail.com

service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 2550, Chicago, IL 60606, prior to 5:00 p.m. on the 17th day of November, 2021, with proper postage prepaid.

<u>s/ Mitchell A. Orpett</u>
an Attorney