UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARDINAL TRANSPORT, INC., A Delaware Corporation, AND C R TRANSPORT, INC., A Nevada Corporation, | ) JUDGE SHARON JOHNSON COLEMAN ) ) ) |
| Plaintiffs, | ) ) |
| VS. | ) CASE NO. 2019 CV 4943 ) |
| ASSURED PARTNERS OF OHIO, LLC, An Ohio Limited Liability Company, Successor in Interest to Wellington F. Roemer Insurance, Inc., A Nevada Corporation, D/B/A Roemer Insurance, AND ROBERT SCHWARTZ, Individually, | ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' MOTION TO STRIKE OPINION AFFIDAVIT OF WILLIAM WARFEL**

NOW COME THE PLAINTIFFS, CARDINAL TRANSPORT, INC. and C R TRANSPORT, INC., hereinafter referred to as "CARDINAL" and "C R", respectively, by and through their Attorneys, ROUSKEY AND BALDACCI by CHRIS D. ROUSKEY, and for their Memorandum of Law in Opposition to the Motion to Strike Opinion Affidavit of William Warfel filed herein by the Defendants, ASSURED PARTNERS OF OHIO, LLC and ROBERT SCHWARTZ, hereinafter referred to as "ASSURED" and "SCHWARTZ", respectively, states to this Honorable Court as follows.

**INTRODUCTION**

With their Response and Memorandum of Law in Opposition to the Amended Motion for Summary Judgment filed herein by the Defendants, ASSURED and SCHWARTZ, the Plaintiffs, CARDINAL and C R, included as Exhibit 7 thereof, the Affidavit of William Warfel, their retained expert. Mr. Warfel concluded that based upon his knowledge of underwriting principals and the change in calculating premium from gross revenues to a per unit basis there existed a market for issuance of a policy by a long-haul trucking liability carrier without a mandatory minimum premium. The subject Affidavit of Mr. Warfel was provided relevant to the defense of the Defen-

-1-

dants' assertion that it should be excused from liability under the doctrine of commercial impossibility/frustration. The Defendants now assert that those opinions contained within Paragraph 9 of Mr. Warfel's Affidavit should be stricken for failure to meet the requirements under Federal Rule of Evidence 702. The Plaintiffs disagree.

## ARGUMENT

The instant Motion of the Defendants, ASSURED and SCHWARTZ, apparently seeks to require a reliability hearing to determine whether the opinions of the Plaintiffs' expert, William Warfel, meet the requirements of Federal Rule 702, which the Plaintiffs, CARDINAL and C R, would suggest could be done at trial. However, the Plaintiffs have attached a Supplemental Affidavit by Mr. Warfel to more clearly define the basis for his opinions. (See Supplemental Affidavit of William Warfel attached hereto and incorporated herein as Exhibit A.) His experience, education, training, teaching, and specialized knowledge within the insurance industry are all as outlined in his extensive Curriculum Vitae attached hereto as Exhibit B.

Federal Rule 702 allows testimony of an expert qualified by knowledge, skill, experience, training, or education to testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the Testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

The Plaintiffs contend that those opinions provided by Mr. Warfield as to the commercial availability within the market for a policy which did not contain a 100% mandatory minimum premium meet the criteria set forth in Rule 702.

To begin with, the Defendants, ASSURED and SCHWARTZ, have been provided with

Mr. Warfel's Curriculum Vitae appended to his Report relative to these proceedings. He has taught the subject of insurance at the Indiana State University for a period of 31 years. He has been qualified as an expert with knowledge in the specialized field of insurance. He teaches courses involving underwriting practices. He has authored numerous articles dealing with a myriad of insurance issues. His testimony will certainly aid a jury in understanding the evidence or to determine a fact in issue.

Further, his testimony is based upon his specialized knowledge of facts related to a carrier's review of criteria in evaluating risk and determining premiums. Mr. Warfel can testify as to underwriting procedures factors considered in underwriting policies of this nature. Mr. Warfel's opinions are based upon facts and data derived from his specialized knowledge within the field, all as set forth in his Supplemental Affidavit. Here, Mr. Warfel's conclusions are reasoned, use the methods of his discipline, are founded on data, and supported by the existence of such carriers. Whether he is correct in his testimony can, of course, be challenged at trial.

Mr. Warfel can also testify to several companies that have provided liability insurance coverage to long-haul trucking companies, such as General Casualty Insurance, Sentry Select Insurance Company, and Ace Property and Casualty Insurance Company. Moreover, the Plaintiffs themselves have had policies without any mandatory minimum premium in the past. Interestingly, from 2005-2012, the Defendants herein provided the Plaintiffs with such coverage. (See the Affidavit of Penny Anderson attached hereto and incorporated herein as Exhibit C.) It is the Defendants, ASSURED and SCHWARTZ, who offer only rank theoretical speculation asserting the questioned coverage was not available in the marketplace. The Affidavit of Penny Anderson (Exhibit C) indicates that in the past, the Defendant, SCHWARTZ, as producer, had negotiated policies of trucker's liability insurance without mandatory minimum premiums on behalf of the Plaintiffs from 2005 to 2012.

In their Memorandum of Law, the Defendants, ASSURED and SCHWARTZ, argue that they searched the marketplace, unsuccessfully, for insurance of the type requested. They make that incongruous argument having denied in depositions that the Plaintiffs, CARDINAL and C R, ever requested a policy without a mandatory minimum premium. If not requested as they have alleged, why did they search the marketplace? Regardless, a factual issue certainly exists as to the extent of such an alleged search.

The Plaintiffs, CARDINAL and C R, deny other brokers came up empty, as stated in John Riley's deposition. The Plaintiffs stopped considering other brokers for coverage when the Defendants, ASSURED and SCHWARTZ, submitted a binder without a mandatory minimum premium. Mr. Warfel's Supplemental Affidavit addresses more relevant facts than the Defendants have produced during these proceedings. While the Plaintiffs had a mandatory minimum premium since 2013, they had no mandatory minimum premium prior thereto. In fact, the policies which the Defendants had brokered prior to 2013 were with Sentry Select Insurance Company, one of the carriers identified in Mr. Warfel's Supplemental Affidavit. It would be interesting to note if the Defendants search for the Plaintiffs' coverage without a mandatory minimum premium included Sentry Select, whom the Defendants had previously dealt with, or not.

The Defendants, ASSURED and SCHWARTZ, next argue that there was never a carrier who offered a policy without a mandatory minimum premium. Again, Mr. Warfel's Supplemental Affidavit sets forth three carriers who offer policies without a mandatory minimum premium.

The only evidence offered herein by the Defendants, ASSURED and SCHWARTZ, which is of course subject to cross-examination, is the testimony of Gerry Den Boggende that "rarely" does Hallmark offer coverage without a mandatory minimum premium. The Defendants, asserting commercial impossibility/frustration as a defense, have not ever provided

-4-

evidence sufficient to support their conclusion that there was not an insurance company anywhere in the marketplace that could have offered a policy without a mandatory minimum premium.

The Defendants, ASSURED and SCHWARTZ, concluded that William Warfel's Affidavit should be stricken because it fails to meet the requirements of Rule 702 or pass the gate-keeping safeguards of Daubert. [Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 1993)] The testimony of Mr. Warfel as set forth in his combined Affidavits meets the requirements of Rule 702 and complies with the gatekeeping standards as related to experts testifying with his specialized field of knowledge. The Trial Judge must have considerable leeway in deciding in a particular case how to go about determining whether a particular expert's testimony is reliable. [Kumho Tire Co. v. Carmichael, 119 S.Ct. 1167,1176 (1999)] No single factor is necessarily dispositive of the reliability of a particular expert's testimony. [Heller v. Shaw Industries, Inc.,167 F.3d 146,155 (Third Circuit, 1999)] Not only must each stage of the expert's testimony be reliable, but each stage must be evaluated practically and flexibly without bright-line exclusionary (or inclusionary) rules. (Daubert) The Trial Court's role as gatekeeper is not intended to serve as a replacement for the adversary system. [United States of America v. 14.38 Acres of Land, More or Less, Situated in LeFlore County, State of Mississippi, 80 F.3d 1074 (1996)]

Actually, it is the purported opinion of the expert retained by the Defendants, ASSURED and SCHWARTZ, that is completely devoid of any foundation to support the same. The parties may attack any opinion contrary to that of their own expert upon cross-examination at trial.

Mr. Warfel identifies with particularity the foundation and methodology for his opinions contained within the initial Affidavit submitted with the Plaintiffs' Response and Memorandum of Law in Opposition to the Defendants' Amended Motion for Summary Judgment. His Supple-

mental Affidavit indicates the opinions stated in his first Affidavit and the conclusions reached in that analysis are substantiated by those identified three carriers of long-haul trucking liability insurance who currently provide coverage without a mandatory minimum premium.

In O'Sullivan v. Geico Casualty Company, 233 F.Supp.3d 917 (2017), the Defendant attacked the Plaintiff's expert alleging that his written report did not provide factually specific examples and explanations of his generically-stated criticisms of the Defendant's handling of the Plaintiff's claim. The Court stated:

> 'If Geico wanted a more detailed disclosure of how Mr. Torres reached his opinions, or more specific examples of the "specific documents upon which his conclusions are based" (ECF No. 73 at 10), its recourse in the first instance would have been to press for a more detailed report and/or to take Mr. Torres's deposition in the usual course of discovery. Geico evidently did not pursue those options, instead choosing to proceed by means of a Daubert motion. This tactical choice by Geico's counsel does not call for wholesale exclusion of Mr. Torres's testimony based merely on lack of specificity regarding some of his written opinions. See Fed. R. Evid. 705 (expert may state an opinion and give the reasons for it without first testifying to the underlying facts or data, but may be required to disclose such facts or data on cross-examination).'

The Defendants have never questioned the Plaintiffs' expert as to the availability of coverage without a mandatory minimum premium. The Defendants have only raised the issue of commercial impossibility as an affirmative defense in their Amended Answer filed after the close of discovery herein. The Defendants can certainly cross-examine Mr. Warfel at trial to determine the reliability of his testimony.

Plaintiffs are not required to demonstrate to the Court by a preponderance of the evidence that the assessment of their experts are correct. They only have to demonstrate by a preponderance of evidence that their opinions are reliable. The evidentiary requirement of reliability is lower than the merits standard of correctness. [In Re: Paoli Railroad Yard PCB Litigation, 35 F.3d 717,744 (Third Circuit, 1994)]

The contention of the Defendants, ASSURED and SCHWARTZ, that a trucking policy

-6-

was not available within the insurance industry without a mandatory minimum premium is belied by those insurance carriers identified by Mr. Warfel. Moreover, the Defendants themselves are aware that they had procured policies without a mandatory minimum premium on behalf of the Plaintiffs for a period in excess of six years prior to 2012.

In O'Sullivan, the Plaintiff's expert opined as to how he felt the Defendant's actions in addressing the Plaintiff's claim fell short of industry standards. The Court found the expert's methodology of explaining his knowledge of insurance standards and practices based upon his experience and explaining the facts and evidence he reviewed as applied to the case were, as a general matter, sufficiently reliable for said expert's opinion to be found admissible testimony under Rule 702. Here, Mr. Warfel's opinions are based upon his application of reliable underwriting principles applied to the facts of this case and should also be ruled admissible.

In commenting on the Rule and its amendments, the Committee on Federal Rules properly noted:

> 'The language "facts or data" is broad enough to allow an expert to rely on hypothetical facts that are supported by the evidence.' (Committee Notes on Rules - 2000 Amendment)

Mr. Warfel's opinions are more than just "theories", as they are based upon recognized underwriting principles within the industry. The existence of carriers who would provide policies without a mandatory minimum premium supports the reasoned conclusion by Mr. Warfel in his initial and Supplemental Affidavits that such carriers existed in the marketplace, provided there was an adequate rate per truck sufficient to cover expected loss, expense, contingency and profit. (Warfel's initial Affidavit, Paragraph 4)

## CONCLUSION

The Plaintiff, CARDINAL TRANSPORT, INC. and C R TRANSPORT, INC., respectfully maintain that the Affidavit of William Warfel provided as Exhibit No. 7 of their Memorandum of

Law in Opposition to Defendants' Amended Motion for Summary Judgment, particularly when coupled with the Supplemental Affidavit attached hereto as Exhibit A, meets the requirements of Rule 702. The Motion to Strike filed by the Defendants, ASSURED PARTNERS OF OHIO, LLC and ROBERT SCHWARTZ, is in effect a Daubert motion. The Plaintiffs have attached the Supplemental Affidavit of Mr. Warfel in further response thereto. Accordingly, the Plaintiffs pray this Honorable Court for the entry of an Order denying the Defendants' Motion to strike Paragraph 9 of Mr. Warfel's initial Affidavit.

Respectfully Submitted,

**CARDINAL TRANSPORT, INC. and C R TRANSPORT, INC.**, Plaintiffs

BY *Chris Rouskey*
**CHRIS D. ROUSKEY**, Their Attorney

CHRIS D. ROUSKEY
ROUSKEY AND BALDACCI
210 N. HAMMES AVENUE, SUITE 105
JOLIET, ILLINOIS 60435
PHONE: 815-741-2118
FAX: 815-741-0670
E-MAIL: ROUSKEYLAW@GMAIL.COM
IL REGISTRATION NO. 03123595