UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARDINAL TRANSPORT, INC. AND ) <br> C R TRANSPORT, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ASSURED PARTNERS OF OHIO, LLC, ) <br> D/B/A ROEMER INSURANCE AND ) <br> ROBERT SCHWARTZ, Individually, ) <br> ) <br> Defendants. ) | Case No. 19-cv-4943 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Cardinal Transport, Inc. ("Cardinal") and C R Transport, Inc. ("C R Transport") operate a trucking business that requires insurance coverage for their fleets of vehicles. They bring this action against their prior insurance producer Assured Partners of Ohio, LLC, d/b/a Roemer Insurance ("Roemer") and Robert Schwartz ("Schwartz"). Roemer moves for summary judgment as to plaintiffs' breach of contract claims (Counts I and II)[1]. Roemer moves for summary judgment Counts I and II. Roemer also moves to strike two affidavits of plaintiffs' proposed expert, William Warfel, filed in conjunction with plaintiffs' response to the motion for summary judgment and plaintiffs' response to the first motion to strike.

For the reasons stated below, the Court grants defendants' amended motion for summary judgment [97] as to Counts I and II, grants defendants' first motion to strike [114], and denies defendants' second motion to strike [122] as moot.

**Background**

---
[1] Counts III–VII will be resolved in a separate order.

The following facts are undisputed unless otherwise noted. In 2016, defendants procured an insurance policy (hereinafter the "First Hallmark Policy") by American Hallmark Insurance Company of Texas ("Hallmark") through its agent, Strategic Program Managers, Inc. ("Strategic"), which provided trucking, liability, and equipment insurance. This policy, as well as all the previous policies procured for plaintiffs by defendants since 2013, contained a mandatory minimum premium agreement, meaning that the insured must pay a guaranteed minimum premium amount as dictated by a post-policy-period audit.

In September 2017, representatives for plaintiffs and defendants met regarding the renewal of the First Hallmark Policy. The parties dispute the content discussed at the meeting and the parties' representatives testified to varying recollections of the conversation. Plaintiffs contend they advised defendants that they would not accept any policy containing a mandatory minimum premium provision. (Dkt. 99, ¶ 15–16.) Nonetheless, defendants procured a policy for plaintiffs through Hallmark with a 100% mandatory minimum premium.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). When determining whether a genuine dispute as to any material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Lovelace v. Gibson,* 21 F.4th 481, 483 (7th Cir. 2021). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (citation omitted).

**Discussion**

Roemer moves for summary judgment on plaintiffs' claims for breach of contract. Under Illinois law, to establish a contract to procure insurance, "the proposed insured must allege that one of the parties proposes to be insured, the other party agrees to insure, and the subject, period, the amount, and the rate of insurance are ascertained or understood and the premium is paid if demanded." *Miller's Blasting Serv., Inc. v. Texas AGA, Inc.*, 292 F. App'x 492, 494 (7th Cir. 2008) (quotation omitted). Plaintiffs allege they formed a contract with Roemer to procure an insurance policy with no mandatory minimum premium requirement. Despite this agreement, plaintiffs contend that Roemer accepted, on their behalf and without their consent, a policy containing a mandatory minimum premium provision (the "Renewal Policy"). As a result, plaintiffs incurred charges for additional premiums for which they would not otherwise be liable.

A genuine issue of material fact exists as to whether the parties formed a contract. *See Roberts v. Alexandria Transp., Inc.*, 968 F.3d 794, 799 (7th Cir. 2020) ("[T]he terms of an oral contract, along with whether it exists, its conditions, and the intent of the parties, are questions of fact for the jury to determine."). However, Roemer argues that it is nonetheless entitled to summary judgment on its third affirmative defense, impossibility. "Impossibility of performance, as a grounds for recission of a contract, refers to those factual situations where one party to a contract finds that the purpose for which a contract was made have become impossible to perform on one side." *Downs v. Rosenthal Collins Grp., LLC*, 2011 IL App (1st) 090970, ¶ 39, 936 N.E.2d 282, 294 (quoting 30 Williston on Contracts § 77:95, at 593 (4th ed. 2004)). Because no insurance provider would have issued an insurance policy without a mandatory minimum premium provision to the plaintiffs at the time of the renewal, Roemer argues, it must prevail on its impossibility defense.

To survive summary judgment on Roemer's affirmative defense, plaintiffs must show that a genuine dispute of material fact exists as to whether Roemer could have procured a policy in

3

accordance with the alleged oral contract. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) ("As the 'put up or shut up' moment in a lawsuit, summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial."). To do so, plaintiffs cite to the affidavit of their proposed expert, William Warfel ("Warfel"). He concluded that "a liability insurance policy without a [Mandatory Minimum Earned Premium (MMEP)] provision would have been available in the market place when the [renewal] policy was issued." (Dkt. 108–7, ¶ 3.)

First, Roemer moves to strike Warfel's affidavit from plaintiffs' response to defendants' Rule 56.1 Statement of Facts because it does not establish a sufficient basis for his opinion under Federal Rule of Evidence 702. The Court agrees. Though plaintiffs bear the burden of demonstrating that Warfel's testimony would satisfy Rule 702, *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009), plaintiffs' response to the motion to strike is wholly inadequate. Plaintiffs assert, without support, that Warfel's conclusions are well-reasoned and "founded on data," and that "Warfel identifies with particularity the foundation and methodology for his opinions contained within the initial Affidavit submitted with the Plaintiff's Response…" (Dkt. 120, at 5.) Warfel's twenty-paragraph affidavit identifies no methodology or basis for his opinion, nor does it explain how or why he may be qualified to opine on this issue. *See Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 761 (7th Cir. 2010) (citation omitted) (Rule 702 requires "that the expert explain the 'methodologies and principles' that support his opinion; he cannot simply assert a 'bottom line'"). Further, plaintiffs fail to cite to any specific portion of Warfel's affidavit or deposition testimony to defend his ability to testify as an expert. The Court is therefore left to rifle through the record to find support for plaintiffs' conclusory statements, which it will not do. *Gross v. Cicero*, 619 F.3d 697,

4

702 (7th Cir. 2010) (quotation omitted) ("Judges are not like pigs, hunting for truffles buried in [the record].").

Rather than argue that Warfel's initial affidavit is sufficient, plaintiffs attempt to cure the affidavit's deficiencies with a supplemental affidavit. Roemer also moves to strike the supplemental affidavit. Even if the Court were to consider the supplemental affidavit, it would not save the day. As Roemer identifies, the supplemental affidavit only differs from the original affidavit by concluding that other insurers would have offered a policy without a 100% mandatory minimum premium. It does not state that other insurers would have offered a policy without *any* mandatory minimum premium. In other words, Warfel's conclusion leaves open the possibility that all other insurance providers would have offered plaintiffs a policy with a mandatory minimum premium amount under 100%. Because plaintiffs allege that Roemer breached its oral contract by failing to procure an insurance policy without any mandatory minimum premium, not a lower mandatory minimum premium, the supplemental affidavit fails to raise a genuine issue of material fact relevant to the impossibility defense. Based on all of the above, the Court grants the motion to strike the initial affidavit and denies the motion to strike the supplemental affidavit as moot.

Plaintiffs' response to the motion for summary judgment on Roemer's impossibility defense is similarly deficient. To start, even if the Court considered Warfel's affidavit, plaintiffs only assert that "Warfel's deposition clearly establishes a defense to the Defendants' assertion of commercial impossibility," without any explanation of its legal argument or citation to legal authority, its statement of additional facts, or the record. *See Shipley v. Chicago Bd. of Election Comm'rs*, 947 F.3d 1056, 1063 (7th Cir. 2020) ("[The Court] will not fill this void by crafting arguments and performing the necessary legal research.").

Plaintiffs' only remaining response is that "[t]here is a total lack of evidence herein to suggest that another carrier could not have provided a policy without a mandatory minimum." (Dkt. 102, at

5

15.) To the contrary, in support of its motion for summary judgment as to its affirmative defense, Roemer cites to deposition testimony from its proposed expert on the issue, Rick Hammond. He opined that, based on his "knowledge, experience, and custom and practice in the industry, a mandatory minimum is going to be included in the terms and conditions of the policy for [accounts such as plaintiffs']". (Dkt. 99, Ex. 11, at 59:12–16.) He further concluded that it would be "more than rare for a mandatory minimum premium to not be applied to an account of this type" and that he has never seen such an account without a mandatory minimum premium. (*Id.* at 59:4–8.) The undisputed facts support this conclusion. Since 2013, plaintiffs' insurance policies have contained a mandatory minimum premium amount. (Dkt. 104, ¶ 11.) After the Renewal Policy expired, they gained coverage through another company. (*Id.*, ¶ 35.) That new policy also contained a mandatory minimum premium amount. (*Id.*)

Plaintiffs fail to establish any genuine issue of material fact supported by the record as to Roemer's impossibility defense, fail to make any legal argument in response to Roemer's motion, and fail to cite any legal authority controverting the affirmative defense. *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and underdeveloped arguments are waived, as are arguments unsupported by legal authority."). As such, the Court grants summary judgment in favor of defendants on Counts I and II.

**Conclusion**

For the foregoing reasons, the Court grants defendants' amended motion for summary judgment [97] as to Counts I and II only, grants defendants' first motion to strike [114], and denies defendants' second motion to strike [122] as moot.

IT IS SO ORDERED.

Date: 9/13/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

6